# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Massachusetts Mutual Life Insurance Company, | |
| Plaintiff, | Civil Action No.: 6:16-cv-01643-JMC |
| v. | **ORDER AND OPINION** |
| Randall S. Hiller and A.E. Pennebaker Co., Inc., | |
| Defendants, | |
| Randall S. Hiller, | |
| Cross-Plaintiff, | |
| v. | |
| A.E. Pennebaker Co., Inc., | |
| Cross-Defendant. | |

This matter is before the court on A.E. Pennebaker Co., Inc.'s ("Pennebaker") Renewed Motion for Partial Summary Judgment. (ECF No. 76.) For the following reasons, the court **GRANTS** Pennebaker's Motion for Partial Summary Judgment (ECF No. 76).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the late 1980's Durham Mechanical Contractors, Inc. ("Durham Mechanical") and Pennebaker made an agreement that Durham would purchase life insurance policies covering the lives of its three principals, including Carla Durham, in order for Durham Mechanical to receive a line of credit from Pennebaker. (ECF No. 23-5; ECF No. 79-1 at 64-66.) The policies were purchased from Massachusetts Mutual Life Insurance Company ("MassMutual"). (ECF No. 1 at 2 ¶ 10.) For purposes of this action, only Carla Durham's policy is at issue.

In 1986, MassMutual issued policy number xxxx005 ("005 Policy"), a term life insurance policy insuring the life of Carla Durham. (ECF No. 1 at 2 ¶ 10.) According to counsel for MassMutual, the materials relating to this policy were destroyed in the normal course of business in accordance with MassMutual's document retention policies on September 1, 2010, due to its cancellation and the issuance of a new policy replacement as explained below. (ECF No. 23-6.) Therefore, it is unclear who the beneficiary was at the time of the issuance of the policy.

On December 5, 1986, the 005 Policy was assigned to Pennebaker. (ECF No. 23-3.) On May 3, 1994, the beneficiary was changed to Randall Hiller ("Hiller"). (ECF No. 23-7.) Shortly thereafter, MassMutual's records indicate that Claude F. Durham[1] attempted to cancel the policy. (ECF No. 23-8.) In denying this request, MassMutual identified that it had a legal obligation to recognize the rights of the assignee. (*Id.*)

On or about October 15, 1996, Pennebaker submitted to MassMutual an application to convert the 005 Policy to a whole life insurance policy. (ECF No. 1 at 2 ¶ 13; ECF No. 23-9.) On October 18, 1996, in response to the October 15, 1996 application, MassMutual issued policy number xxxx889 ("889 Policy"), a whole life insurance policy with a face value of $175,000, insuring the life of Carla Durham. (ECF No. 1 at 3 ¶ 14.) The Policy also includes a Life Insurance Supplemental Rider with a value of $175,000. (*Id.*) The 889 Policy replaced the 005 Policy. (*See* ECF No. 23-10 at 2.) At the time of the issuance of the 889 Policy, MassMutual's records indicate that the owner of the Policy was the insured, Carla Durham, the assignee of the Policy was Pennebaker, and the primary beneficiary of the Policy was Hiller. (ECF No. 1 at 3 ¶ 15.) Although

---

[1] Claude F. Durham was the President of Durham Mechanical. (ECF No. 23-3.) Durham Mechanical is no longer in business. (ECF No. 23-9.)

MassMutual's records are unclear, Pennebaker paid the Policy premiums until at least 2003. (ECF No. 23-12.)

Carla Durham died on April 29, 2015, in Greenville County, South Carolina. (ECF No. 1 at 3 ¶ 16.) At the time of Carla Durham's death, the owner of the Policy was Carla Durham, the assignee of the Policy was Pennebaker, and the primary beneficiary of the Policy was Hiller. (*Id*. ¶ 17-18.)

On or about February 11, 2016, Hiller submitted a Life Insurance Claim Form to MassMutual requesting the life insurance proceeds due under the Policy be paid to him in full. (*Id*. ¶ 19.) On May 12, 2016, Pennebaker, through counsel, put MassMutual on written notice that it had a duty to pay the Policy proceeds to Pennebaker immediately. (ECF No. 23-13.) According to MassMutual, the death benefit due under the Policy is $231,306.90, exclusive of interest. (ECF No. 1 at 3 ¶ 21.)

On May 20, 2016, MassMutual filed a Complaint for Interpleader against Hiller and Pennebaker, alleging competing claims to the proceeds of the life insurance Policy insuring the life of Carla Durham. (ECF No. 1.) MassMutual claims that it is in doubt as to which Defendant is entitled to payment of the Policy proceeds. (ECF No. 1 at 3 ¶ 23.)

Pennebaker and Hiller filed cross-motions for partial summary judgment (ECF Nos. 23, 35) which were denied (ECF No. 57).[2] On June 7, 2018, Pennebaker filed a renewed Motion for Partial Summary Judgment. (ECF No. 76.) On June 18, 2018, Hiller responded. (ECF No. 79.)

---

[2] Pennebaker's Motion for Partial Summary Judgment (ECF No. 23) concerned whether its assignment was superior to that of Hiller as a beneficiary. Hiller's Motion for Partial Summary Judgment (ECF No. 35) concerned whether Hiller, as a beneficiary, has a superior interest in the life insurance proceeds, and whether Pennebaker has any interest at all in the proceeds.

## II. JURISDICTION

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between Plaintiff Massachusetts Mutual ("MassMutual") and Defendants Pennebaker and Hiller. (ECF No. 1 at 2 ¶ 6.) The amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.*) The court retains jurisdiction over an interpleader insurance case, even if the cross-complaining parties lack diversity, as long as the original plaintiff and defendants are diverse parties. *Leimbach v. Allen*, 976 F.2d 912, 917 (4th Cir. 1992).[3]

## III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Pignons S.A. De Mecanique v. Polaroid Corp.*, 657 F.2d 482, 486 (1st Cir. 1981)). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 324 (1986); *Anderson*, 477 U.S. at 252. All that is required is that "sufficient

---

[3] MassMutual has been partially discharged from this action (ECF No. 54), but the court retains jurisdiction over MassMutual for purposes of determining whether it is entitled to attorney's fees.

evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). "[T]he burden [to show no genuine issue of material fact] on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.,* 477 U.S. at 325. The moving party must present specific facts establishing that there is an absence of a genuine dispute and cannot rely solely on the complaint. *See* Fed. R. Civ. P. 56(c)(1).

## IV. ANALYSIS

The validity of Pennebaker's 1986 assignment is at the heart of this dispute. To resolve this inquiry, the court is required to determine the ownership of the policy at the time of the assignment. The ownership of the policy is important as to the validity of the assignment because only the owner of the policy can validly assign the rights it has under the insurance policy to another party. (ECF No. 79-1 at 9.) However, given evidence of Durham Mechanical's December 5, 1986 assignment (ECF No. 23-3) to Pennebaker, and MassMutual's acceptance of the assignment, there is no disputed question of fact as to the validity of Pennebaker's assignment.

Durham Mechanical is the owner listed on the assignment documents for the 005 Policy (*See* ECF Nos. 23-3, 32-1, 32-2.) But, the policy's ownership seems to have transferred to Carla Durham at some point. Therefore, the parties currently dispute who owns the policy. (*See* ECF Nos. 23-7; 23-10 at 1.) However, Durham Mechanical signed as owner on the assignment form in

5

1986 (ECF No. 23-3 at 2) and MassMutual accepted the assignment (ECF No. 23-3 at 2),[4] thus, the court finds that this assignment to Pennebaker was valid. *See also* (ECF No. 76-2 at 20:20-21:7 (MassMutual's 30(b)(6) witness agrees that the assignment was done properly)); C*ook v. Commercial Cas. Ins. Co.*, 160 F.2d 490, 492 (4th Cir. 1947) ("It is well settled that such rights may be assigned and that the assignment operates to transfer to the assignee all right in the insurance money payable in case of death."). Moreover, Hiller has not produced any evidence to create an issue of fact regarding whether Durham was the owner of the policy when it was assigned in 1986. Additionally, Pennebaker's assignment was transferred in 1997 when the term life insurance policy on Carla Durham was converted into a whole life insurance policy, the 889 Policy. (*See* ECF No. 23-3 (notation on assignment form that "collateral assignment of [005 Policy] carries over to new [889 Policy] due to conversion.").)

The only evidence of Pennebaker's assignment is the assignment form with Durham Mechanical named as the owner, which MassMutual accepted. (ECF No. 23-3.) Moreover, as noted above, when Claude F. Durham tried to cancel the insurance policy in 1994, MassMutual, through its attorney, stated that it was under "a legal obligation to recognize the rights of the assignee [Pennebaker][.]" (ECF No. 23-8.) There is also no evidence presented that the assignment was modified in any manner or is no longer in force.[5]

---

[4] The Policy documents state that "[the] policy may be assigned. But for any assignment to be binding on [MassMutual], [MassMutual] must receive a signed copy of [the assignment] at our Home Office. [MassMutual] is not responsible for the validity of any assignment." (ECF No. 79-1 at 9.) On December 30, 1986, MassMutual accepted the assignment in its home office in Springfield, Massachusetts. (ECF No. 23-3 at 2.)

[5] Hiller has asserted that "Mr. Durham" would testify that none of the Durhams executed an assignment of the policy, however, no such evidence has been presented to the court at this juncture of the proceeding in order to dispute the assignment. (ECF No. 79 at 3.) In addition, this assertion is refuted by the assignment document which is signed by Claude F. Durham as President of Durham Mechanical. (ECF No. 23-3 at 2.)

## V.    CONCLUSION

For the reasons stated above, the court **GRANTS** Pennebaker's Renewed Motion for Partial Summary Judgment (ECF No. 76). Pennebaker, as assignee is entitled to the entire proceeds of the 889 Policy. Whether MassMutual is entitled to attorney's fees and costs is still an outstanding issue in this matter. Therefore, the Clerk of Court is **ORDERED** to not disburse the insurance policy proceeds currently in the court's registry until after the court addresses MassMutual's request for attorney's fees and costs (ECF No. 22 at 4 ¶ 23). MassMutual is **ORDERED** to file any supplemental affidavits regarding additional attorney's fees and costs within ten (10) days of the entry of this Order. Defendants will then have seven (7) days in which to respond to MassMutual's affidavits.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 20, 2018
Columbia, South Carolina